UNITED STATES DISTCIT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-02833 |
| | ) | |
| ORIZON DIAGNOSTICS, LLC and | ) | |
| THE INGALLS MEMORIAL HOSPITAL, | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT

Plaintiff, PATRICIA D. BROWN, by her counsel, Trent A. McCain of McCAIN LAW OFFICES, P.C., complaining of Defendants ORIZON DIAGNOSTICS, LLC and THE INGALLS MEMORIAL HOSPITAL, alleges and says:

### PARTIES

1.  Plaintiff, PATRICIA D. BROWN ("Brown"), is a citizen of the United States and a resident of Gary, Lake County, Indiana. She is an African American. Plaintiff's date of birth is October 7, 1943.

2.  Defendant, ORIZON DIAGNOSTICS, LLC ("Orizon"), is a voluntarily dissolved limited liability company with its principal place business, at all times relevant, in Cook County, Illinois.

3.  Defendant, THE INGALLS MEMORIAL HOSPITAL ("Ingalls"), is a Not For Profit corporation organized under the laws of the State of Illinois. Ingalls' principal place of business is located at 1 Ingalls Drive, Harvey, Cook County, Illinois.

1

4. At all times material hereto, Defendants were engaged in an industry affecting commerce and had 20 or more employees for each working day in each of 20 or more calendar weeks in the then current or proceeding calendar year.

## BACKGROUND FACTS

5. Beginning on July 17, 2006, Brown was employed by Orizon as a cytotechnologist.

6. Prior to that date, Brown was employed with Orizon's predecessor, Ingalls Memorial Hospital, in its Cytology Department.

7. At all times, Brown performed all of the duties assigned her in a professionally competent manner, faithfully followed all reasonable instructions given her by her supervisors, and abided by all the rules and regulations of the Defendants.

8. On August 29, 2006, Orizon discharged Brown.

9. At the time of her discharge, Brown was sixty-two (62) years of age.

10. On or about December 28, 2007, Orizon dissolved and its operation reverted back to the predecessor, Ingalls. Thus, Ingalls is Orizon's successor, as well.

## COUNT I:
## AGE DISCRIMINATION v. ORIZON

1-10. Plaintiff restates and realleges paragraphs 1-10 above as paragraphs 1-10 of Count I, as though fully recited herein.

11. This action is brought for violations of The Age Discrimination in Employment Act of 1974 ("ADEA"), 29 U.S.C. § 621, *et seq.* Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 (a)(4) and 1331, because this complaint is filed for a violation of Federal Law, 29 U.S.C. § 623 (a)(1).

12. Brown's discharge was motivated by Orizon's intent to discriminate against Brown on the basis of her age.

13. Brown's discharge had the effect solely of discrimination by Orizon against Brown on the basis of her age.

14. By discharging Brown, Orizon violated the provisions of 29 U.S.C. § 623(a)(1), which make it unlawful for an employer "to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

15. On or about October 17, 2006, Brown filed a charge alleging unlawful discrimination on the basis of age against Orizon with the Illinois Department of Human Rights, as required by 29 U.S.C. § 626(d). (Attached hereto as Exhibit A.)

16. On February 19, 2008, Brown received a letter, dated February 8, 2008, from the Equal Employment Opportunity Commission ("EEOC") notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit. (Attached hereto as Exhibit B.)

17. Proximately, directly, and solely as a result of Orizon's discrimination against Brown on account of her age, Brown has suffered damages consisting of loss of salary and other compensation, and injuries from embarrassment, humiliation, and anxiety.

18. Orizon's conduct complained herein was willful, malicious, oppressive, wanton, and heedlessly in disregard of Brown's rights, and accordingly Brown is entitled to recover both punitive damages and statutory liquidated damages of Orizon.

19. Brown is suffering continuing and immediate irreparable injury, for which she has no adequate remedy at law, by being deprived of her position of employment with Orizon, so that she is entitled to injunctive order of reinstatement.

WHEREFORE, Plaintiff, PATRICIA D. BROWN, prays the Court will:

A. Enter an injunction against Ingalls, Orizon's successor in liability, ordering it to reinstate Brown as an employee, and thereafter not to discriminate against her on the basis of her age, or alternatively that Brown be awarded front pay.

B. Award Brown all monetary damages to which she is entitled, including compensatory damages, punitive damages, and statutory liquidated damages.

C. Award Brown reasonable attorneys' fees and the costs of this action, to be taxed against the Defendant.

D. Grant Brown such other relief as to the Court may seem just and proper.

## COUNT II:
## RACE DISCRIMINATION v. ORIZON

1-10. Plaintiff restates and realleges paragraphs 1-10 of Count I as paragraphs 1-10 of Count II, as though fully recited herein.

11. This action is brought for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981. Jurisdiction of this Court is founded upon 28 U.S.C. § 1343(a)(3) and (4). This Court has supplementary jurisdiction over the common law claim pled in this complaint.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as, on information and belief, the Defendants reside in this District and the facts giving rise to this cause of action occurred in this District.

13.     By virtue of the foregoing, Orizon has subjected Brown to discrimination in the terms and conditions of her employment based upon her race in violation of Title VII and 42 U.S.C. § 1981.

14.     As a result of this violation, Brown has suffered emotional distress, humiliation, degradation, her job, and other damages of both a pecuniary and non-pecuniary nature.

15.     In light of Orizon's failure to take any remedial action at all, its conduct is willful and malicious warranting the imposition of punitive damages.

16.     On or about October 17, 2006, Brown filed a charge alleging unlawful discrimination on the basis of race against Defendant with the Illinois Department of Human Rights, as required by 29 U.S.C. § 626(d).  (Attached hereto as Exhibit A.)

17.     On February 19, 2008, Brown received a letter, dated February 8, 2008, from the Equal Employment Opportunity Commission ("EEOC") notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit.  (Attached hereto as Exhibit B.)

WHEREFORE, Plaintiff, PATRICIA D. BROWN, prays the Court will:

A.  Enter an injunction against Ingalls, Orizon's successor in liability, ordering it to reinstate Brown as an employee, and thereafter not to discriminate against her on the basis of her race, or alternatively that the Brown be awarded front pay.

B.  Award Brown all monetary damages to which she is entitled, including compensatory damages, and punitive damages.

C.  Award Brown reasonable attorneys' fees and the costs of this action, to be taxed against Orizon.

D.  Grant Brown such other relief as to the Court may seem just and proper.

## COUNT III:
## AGE DISCRIMINATION v. INGALLS

1-10.  Plaintiff restates and realleges paragraphs 1-10 above as paragraphs 1-10 of Count III, as though fully recited herein.

11.  This action is brought for violations of The Age Discrimination in Employment Act of 1974 ("ADEA"), 29 U.S.C. § 621, *et seq.*  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 (a)(4) and 1331, because this complaint is filed for a violation of Federal Law, 29 U.S.C. § 623 (a)(1).

12.  Brown's discharge was motivated by Ingalls' predecessor intent to discriminate against Brown on the basis of her age.

13.  Brown's discharge had the effect solely of discrimination by Ingalls' predecessor against Brown on the basis of her age.

14.  By discharging Brown, Ingalls' predecessor violated the provisions of 29 U.S.C. § 623(a)(1), which make it unlawful for an employer "to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

15.  On or about October 17, 2006, Brown filed a charge alleging unlawful discrimination on the basis of age against Ingalls' predecessor with the Illinois Department of Human Rights, as required by 29 U.S.C. § 626(d).  (Attached hereto as Exhibit A.)

16.  On February 19, 2008, Brown received a letter, dated February 8, 2008, from the Equal Employment Opportunity Commission ("EEOC") notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit.  (Attached hereto as Exhibit B.)

6

17. Proximately, directly, and solely as a result of Ingalls' predecessor's discrimination against Brown on account of her age, Brown has suffered damages consisting of loss of salary and other compensation, and injuries from embarrassment, humiliation, and anxiety.

18. Ingalls' predecessor's conduct complained herein was willful, malicious, oppressive, wanton, and heedlessly in disregard of Brown's rights, and accordingly Brown is entitled to recover both punitive damages and statutory liquidated damages of Ingalls' predecessor.

19. Brown is suffering continuing and immediate irreparable injury, for which she has no adequate remedy at law, by being deprived of her position of employment with Orizon, so that she is entitled to injunctive order of reinstatement.

20. Ingalls is a successor in liability.

WHEREFORE, Plaintiff, PATRICIA D. BROWN, prays the Court will:

A. Enter an injunction against Ingalls ordering Ingalls to reinstate Brown as an employee, and thereafter not to discriminate against her on the basis of her age, or alternatively that the Brown be awarded front pay.

B. Award Brown all monetary damages to which she is entitled, including compensatory damages, punitive damages, and statutory liquidated damages.

C. Award Brown reasonable attorneys' fees and the costs of this action, to be taxed against Ingalls.

D. Grant Brown such other relief as to the Court may seem just and proper.

## COUNT IV:
## RACE DISCRIMINATION v. INGALLS

1-10. Plaintiff restates and realleges paragraphs 1-10 of Count II as paragraphs 1-10 of Count IV, as though fully recited herein.

7

11. This action is brought for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Jurisdiction of this Court is founded upon 28 U.S.C. § 1343(a)(3) and (4). This Court has supplementary jurisdiction over the common law claim pled in this complaint.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as, on information and belief, the Defendants reside in this District and the facts giving rise to this cause of action occurred in this District.

13. By virtue of the foregoing, Ingalls' predecessor has subjected Brown to discrimination in the terms and conditions of her employment based upon his race in violation of Title VII and 42 U.S.C. § 1981.

14. As a result of this violation, Brown has suffered emotional distress, humiliation, degradation, her job, and other damages of both a pecuniary and non-pecuniary nature.

15. In light of Defendants' failure to take any remedial action at all, their conduct is willful and malicious warranting the imposition of punitive damages.

16. On or about October 17, 2006, Brown filed a charge alleging unlawful discrimination on the basis of race against Ingalls' predecessor with the Illinois Department of Human Rights, as required by 29 U.S.C. § 626(d). (Attached hereto as Exhibit A.)

17. On February 19, 2008, Brown received a letter, dated February 8, 2008, from the Equal Employment Opportunity Commission ("EEOC") notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit. (Attached hereto as Exhibit B).

18. Ingalls is a successor in liability.

WHEREFORE, Plaintiff, PATRICIA D. BROWN, prays the Court will:

A. Enter an injunction against Ingalls ordering it to reinstate Brown as an employee, and thereafter not to discriminate against her on the basis of her race, or alternatively that the Brown be awarded front pay.

B. Award Brown all monetary damages to which she is entitled, including compensatory damages, and punitive damages.

C. Award Brown reasonable attorneys' fees and the costs of this action, to be taxed against Ingalls.

D. Grant Brown such other relief as to the Court may seem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

**PATRICIA D. BROWN**

/s Trent A. McCain
Plaintiff's Attorney

Trent A. McCain
McCain Law Offices, P.C.
5655 Broadway
Merrillville, IN 46410
(219) 884-0696 phone
(219) 884-0692 fax
TAM@McCainLawOffices.com

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>07W0907.15 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2007CA 1319 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>Patricia D. Brown | | HOME TELEPHONE (include area code)<br>(219) 985-1315 | |
|---|---|---|---|
| STREET ADDRESS<br>234 West 46th Avenue | CITY, STATE AND ZIP CODE<br>Gary, IN 46408 | DATE OF BIRTH<br>10/07/43 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>Orizon Diagnostics | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code)<br>(630) 321-1566 |
|---|---|---|
| STREET ADDRESS<br>102 East Chestnut Avenue | CITY, STATE AND ZIP CODE<br>Westmont, IL 60559 | COUNTY<br>DuPage |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>AGE    RACE | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>08/29/06<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheet)

I.  A.   ISSUE/BASIS

   DISCHARGE – AUGUST 29, 2006, BASED ON MY RACE, BLACK

   B.   PRIMA FACIE ALLEGATIONS

   1.   My race is black.

   2.   My job performance met Respondent's legitimate expectations. Respondent assumed me as an employee on July 17, 2006, when they assumed responsibility of the Cytology Department at Ingalls Hospital.

Continued...

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br>_LeJuana McGee_ 10-17-2006<br>NOTARY SIGNATURE    MONTH DATE-YEAR |
|---|---|
| LE JUANA MCGEE<br>Lake County<br>My Commission Expires<br>January 3, 2014<br><br>NOTARY SEAL | _Patricia D. Brown_ 10·17·2006<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)                  "return this copy"

*stamp: OCT 2 4 2006*

Complainant: Patricia D. Brown

Charge Number: 2007CA

Page 2

    3.    On July 17, 2006, I was placed on probation. On August 29, 2006, Respondent discharged me. The reason given by Respondent for my discharge was that I failed to perform at an acceptable level as a primary screening Cytotechnologist during my probationary period.

    4.    Respondent put a non-black, less experienced individual in my position.

II.   A.   ISSUE/BASIS

    DISCHARGE – AUGUST 29, 2006, BASED ON MY AGE, 62

   B.   PRIMA FACIE ALLEGATIONS

    1.    My age at the time of my discharge was 62.

    2.    My job performance met Respondent's legitimate expectations. Respondent assumed me as an employee on July 17, 2006, when they assumed responsibility of the Cytology Department at Ingalls Hospital.

    3.    On July 17, 2006, I was placed on probation. On August 29, 2006, Respondent discharged me. The reason given by Respondent for my discharge was that I failed to perform at an acceptable level as a primary screening Cytotechnologist during my probationary period.

    4.    Respondent put a younger, less experienced individual in my position.

MEE/JJT

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Patricia D. Brown
234 W 46th Ave
Gary, IN 46408

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

CERTIFIED MAIL 7099 3400 0014 4054 3171

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2007-00380 | Armernola P. Smith, State & Local Coordinator | (312) 886-5973 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*    2/8/2008

Enclosures(s)

John P. Rowe,
District Director

(Date Mailed)

cc:  ORIZON DIAGNOSTICS LLC



Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7099 3400 0014 4054 3171**
Status: **Delivered**

Your item was delivered at 1:52 PM on February 19, 2008 in WAUKEGAN, IL 60085.

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

Site Map   Contact Us   Forms   Gov't Services   Jobs   Privacy Policy   Terms of Use   National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.   No FEAR Act EEO Data   FOIA