IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 2833 |
| ) | |
| ORIZON DIAGNOSTICS, LLC, ) | Judge Conlon |
| ) | Magistrate Judge Mason |
| Defendant. ) | |

**MOTION TO VACATE TECHNICAL DEFAULT AND FOR LEAVE TO
ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Orizon Diagnostics, LLC ("Orizon"), through its counsel Hinshaw & Culbertson LLP, and for its Motion to Vacate Technical Default and for Leave to Answer or Otherwise Plead to Plaintiff's Complaint, states as follows:

1.  In or about October of 2007, Orizon ceased operations and the limited liability corporation was dissolved. Plaintiff plead this fact in her complaint against Orizon.

2.  On December 19, 2007, Plaintiff voluntarily withdrew her charge against Orizon alleging race and age discrimination pending before the Illinois Department of Human Rights (and cross-filed with the EEOC).

3.  The undersigned counsel represented Orizon in the charge of discrimination filed by the Plaintiff before the state and federal administrative agencies, but thereafter performed no legal services for Orizon. Upon receipt of the order of closure entered by the IDHR (pursuant to Plaintiff's voluntary withdrawal), the undersigned had no further contact with Plaintiff, Plaintiff's counsel or the principals of Orizon.

4.  Taking all allegations of Plaintiff's Complaint as true, the EEOC issued a Notice of Right to Sue to Plaintiff on or about February 8, 2008. The issuance of Notice of Right to

6344636v1 872879

Sue to the Plaintiff was not known by defense counsel. By this time, the limited liability corporation had been dissolved for over four months.

5. On or about June 19, 2008, a summons and Plaintiff's complaint were served upon the registered agent of the dissolved limited liability corporation. The undersigned counsel is not the registered agent.

6. Subsequently, the undersigned counsel learned of the service of summons and Plaintiff's Complaint. As a result of the dissolution of Orizon, the principals of Orizon, all practicing physicians, sought engagements in other locations. Orizon's offices were closed and the phone numbers were no longer functioning. Therefore, counsel had no meaningful way to make timely contact with the principals of Orizon and had no forwarding information for those individuals. Nevertheless, the undersigned counsel initiated efforts to locate the former principals of Orizon in order to notify them of the instant litigation and obtain authority to appear on behalf of the dissolved limited liability corporation.

7. On July 21, 2008, the undersigned counsel contacted Plaintiff's counsel, informed him that the undersigned was aware of the pending action but had not been able to contact the principals of Orizon in order to obtain authority to appear on behalf of the dissolved corporation.

8. On July 22, 2008, this Court entered a technical default against Orizon.

9. On July 23, 2008, Plaintiff filed a motion for default judgment against Orizon.

10. On July 24, 2008, the undersigned counsel finally was able to speak with a former principal of Orizon after locating him in a search of electronic records.

11. On July 25, 2008, the undersigned counsel received formal approval to represent Orizon and appear on behalf of the dissolved corporation in this action.

12. Defendant has meritorious defenses to the allegations of the Plaintiff's Complaint and will diligently litigate its defenses in this action.

13. Only 16 days have passed between what Defendant believes would have been the due date for its answer to be filed and the filing of this motion.

14. Defendant respectfully requests the Court vacate the technical default entered on July 22, 2008 and grant Defendant leave to answer or otherwise plead to Plaintiff's Complaint *instanter*.

WHEREFORE, Defendant respectfully prays this Court enter an order vacating the default judgment entered on July 22, 2008, granting Defendant leave to file its answer or otherwise plead to Plaintiff's Complaint *instanter*, and for any further relief this Court deems just and proper.

Respectfully submitted,
HINSHAW & CULBERTSON LLP

s/ Clay M. Ullrick
Attorney for Defendant

Tom H. Luetkemeyer
Clay M. Ullrick
Hinshaw & Culbertson LLP
222 N. LaSalle St., Suite 300
Chicago, IL 60601
(312) 704-3000