IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 CV 2833 |
| | ) | |
| v. | ) | Judge Conlon |
| | ) | |
| ORIZON DIAGNOSTICS, LLC, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

NOW COMES Defendant, Orizon Diagnostics, LLC ("Orizon"), through its counsel Hinshaw & Culbertson LLP, and as its answer to the Amended Complaint, states as follows:

### PARTIES

1. Plaintiff, PATRICIA D. BROWN ("Brown"), is a citizen of the United States and a resident of Gary, Lake County, Indiana.  She is an African American.  Plaintiff's date of birth is October 7, 1943.

**ANSWER:** Defendant admits that Plaintiff is an African American citizen of the United States.  Defendant is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 1 and therefore, denies those allegations.

2. Defendant, ORIZON DIAGNOSTICS, LLC ("Orizon"), is a voluntarily dissolved limited liability company with its principal place business, at all times relevant in Cook County, Illinois.

**ANSWER:** Defendant admits that it is a voluntarily dissolved limited liability company.  Defendant denies the remaining allegations of paragraph 2.

3. Defendant, THE INGALLS MEMORIAL HOSPITAL ("Ingalls"), is a Not For Profit corporation organized under the laws of the State of Illinois.  Ingalls' principal place of business is located at 1 Ingalls Drive, Harvey, Cook County, Illinois.

**ANSWER:** Defendant admits that Ingalls is a hospital located in Harvey, Illinois. Defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 3 and therefore, denies those allegations.

4. At all times material hereto, Defendants were engaged in an industry affecting commerce and had 20 or more employees for each working day in each of 20 or more calendar weeks in the then current or proceeding calendar year.

**ANSWER:** Defendant denies the allegations of paragraph 4.

### BACKGROUND FACTS

5. Beginning on July 17, 2006, Brown was employed by Orizon as an cytotechnologist.

**ANSWER:** Defendant admits the allegations of paragraph 5.

6. Prior to that date, Brown was employed with Orizon's predecessor, Ingalls Memorial Hospital, in its Cytology Department.

**ANSWER:** Defendant admits the allegations of paragraph 6.

7. At all times, Brown performed all of the duties assigned her in a professionally competent manner, faithfully followed all reasonable instructions given her by her supervisors, and abided by all the rules and regulations of the Defendants.

**ANSWER:** Defendant denies the allegations of paragraph 7.

8. On August 29, 2006, Orizon discharged Brown.

**ANSWER:** Defendant admits the allegations of paragraph 8.

9. At the time of her discharge, Brown was sixty-two (62) years of age.

**ANSWER:** Defendant admits the allegations of paragraph 9.

10. On or about December 28, 2007, Orizon dissolved and its operations reverted back to the predecessor, Ingalls. Thus, Ingalls is Orizon's successor, as well.

**ANSWER:** Defendant admits that it dissolved its operations. Defendant denies the remaining allegations in paragraph 10.

## COUNT I:
## AGE DISCRIMINATION v. ORIZON

1-10.   Plaintiff restates and realleges paragraphs 1-10 above as paragraphs 1-10 of Count I, as though fully recited herein.

**ANSWER:**   Defendant restates and realleges its answers to paragraphs 1-10 above as its answers to paragraphs 1 – 10 of Count I as though fully and completely set forth herein.

11.   This action is brought for violations of The Age Discrimination in Employment Act of 1974 ("ADEA"), 29 U.S.C. § 621, *et seq.*  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 (a)(4) and 1331, because this complaint is filed for a violation of Federal Law, 29 U.S.C. § 623 (a)(1).

**ANSWER:**   Defendant admits that Plaintiff is alleging a violation of The Age Discrimination in Employment Act of 1974 ("ADEA"), 29 U.S.C. § 621, *et seq.* but denies that Plaintiff suffered unlawful discrimination.  Defendant further admits that this Court has jurisdiction over the parties and claims in this action.

12.   Brown's discharge was motivated by Orizon's intent to discriminate against Brown on the basis of her age.

**ANSWER:**   Defendant denies the allegations of paragraph 12.

13.   Brown's discharge had the effect solely of discrimination by Orizon against Brown on the basis of her age.

**ANSWER:**   Defendant denies the allegations of paragraph 13.

14.   By discharging Brown, Orizon violated the provision of 29 U.S.C. § 623(a)(1), which make it unlawful for an employer "to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

**ANSWER:**   Defendant denies the allegations of paragraph 14.

15. On or about October 17, 2006, Brown filed a charge alleging unlawful discrimination on the basis of age against Orizon with the Illinois Department of Human Rights, as required by 29 U.S.C. § 626(d). (Attached hereto as Exhibit A.)

**ANSWER:** Defendant admits the allegations of paragraph 15.

16. On February 19, 2008, Brown received a letter, dated February 8, 2008, from the Equal Employment Opportunity Commission ("EEOC") notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit. (Attached hereto as Exhibit B.)

**ANSWER:** Defendant admits that the Equal Employment Opportunity Commission ("EEOC") issued a letter on February 8, 2008 notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit. Defendant denies the remaining allegations of paragraph 16.

17. Proximately, directly, and solely as a result of Orizon's discrimination against Brown on account of her age, Brown has suffered damages consisting of loss of salary and other compensation, and injuries from embarrassment, humiliation, and anxiety.

**ANSWER:** Defendant denies the allegations of paragraph 17.

18. Orizon's conduct complained herein was willful, malicious, oppressive, wanton, and heedlessly in disregard of Brown's rights, and accordingly Brown is entitled to recover both punitive damages and statutory liquidated damages of Orizon.

**ANSWER:** Defendant denies the allegations of paragraph 18.

19. Brown is suffering continuing and immediate irreparable injury, for which she has no adequate remedy at law, by being deprived of her position of employment with Orizon, so that she is entitled to injunctive order of reinstatement.

**ANSWER:** Defendant denies the allegations of paragraph 19.

## COUNT II:
## RACE DISCRIMINATION v. ORIZON

1-10. Plaintiff restates and realleges paragraphs 1-10 of Count I as paragraphs 1-10 of Count II, as though fully recited herein.

**ANSWER:** Defendant restates and realleges its answers to paragraphs 1-10 above as its answers to paragraphs 1 – 10 of Count II as though fully and completely set forth herein.

11. This action is brought for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981. Jurisdiction of this Court is founded upon 28 U.S.C. § 1343(a)(3) and (4). This Court has supplementary jurisdiction over the common law claim pled in this complaint.

**ANSWER:** Defendant admits that Plaintiff is alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981 but denies that Plaintiff suffered unlawful discrimination. Defendant further admits that this Court has jurisdiction over the parties and Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1981. Defendant denies the remaining allegations of paragraph 11.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as, on information and belief, the Defendants reside in this District and the facts giving rise to this cause of action occurred in this District.

**ANSWER:** Defendant admits that venue is proper in this Court.

13. By virtue of the foregoing, Orizon has subjected Brown to discrimination in the terms and conditions of her employment based upon her race in violation of Title VII and 42 U.S.C. § 1981.

**ANSWER:** Defendant denies the allegations of paragraph 13.

14. As a result of this violation, Brown has suffered emotional distress, humiliation, degradation, her job, and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER:** Defendant denies the allegations of paragraph 14.

15. In light of Orizon's failure to take any remedial action at all, its conduct is willful and malicious warranting the imposition of punitive damages.

**ANSWER:** Defendant denies the allegations of paragraph 15.

16. On or about October 17, 2006, Brown filed a charge alleging unlawful discrimination on the basis of race against Defendant with the Illinois Department of Human Rights, as required by 29 U.S.C. § 626(d). (Attached hereto as Exhibit A.)

**ANSWER:** Defendant admits the allegations of paragraph 16.

17. On February 19, 2008, Brown received a letter, dated February 8, 2008, from the Equal Employment Opportunity Commission ("EEOC") notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit. (Attached hereto as Exhibit B.)

**ANSWER:** Defendant admits that the Equal Employment Opportunity Commission ("EEOC") issued a letter on February 8, 2008 notifying her that the EEOC was terminating its processing of the charge and that she had ninety (90) days to file suit. Defendant denies the remaining allegations of paragraph 17.

## COUNT III:
## AGE DISCRIMINATION v. INGALLS

Defendant Orizon Diagnostics, LLC makes no answer to Count III as the allegations of this count are not directed toward Defendant Orizon Diagnostics, LLC.

## COUNT IV:
## RACE DISCRIMINATION v. INGALLS

Defendant Orizon Diagnostics, LLC makes no answer to Count IV as the allegations of this count are not directed toward Defendant Orizon Diagnostics, LLC.

### Affirmative Defenses

1. For its first affirmative defense, Defendant affirmatively states that is possessed a legitimate non-discriminatory basis for Plaintiff's termination from employment.

2. For its second affirmative defense, Defendant affirmatively states that Plaintiff failed to properly mitigate her damages.

WHEREFORE, Defendant respectfully prays this Honorable Court enter an order granting judgment in its favor against Plaintiff, award Defendant its reasonable costs incurred in the defense of this litigation, and for such further relief as the Court deems just and proper.

| | |
|---|---|
| Tom H. Luetkemeyer<br>Clay M. Ullrick<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle Street<br>Suite 300<br>Chicago, IL 60601-1081<br>312-704-3000 | Respectfully submitted,<br>ORIZON DIAGNOSTICS, LLC<br>By:<br><br>/s/ Clay M. Ullrick |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 CV 2833 |
| | ) | |
| v. | ) | Judge Conlon |
| | ) | |
| ORIZON DIAGNOSTICS, LLC, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:  Trent A. McCain, Esq.
      McCain Law Offices, P.C.
      5655 Broadway
      Merrillville, IN  46410

    PLEASE TAKE NOTICE THAT on August 7, 2008, we caused to be filed with the United States District Court for the Northern District of Illinois, Eastern Division, the attached **Answer to Amended Complaint,** a copy of which is attached hereto and herewith served upon you.

                            Respectfully submitted,

                            HINSHAW & CULBERTSON LLP


                            By: /s/ Clay M. Ullrick
                                  Attorney for Defendant

Tom H. Luetkemeyer, Esq.
Clay M. Ullrick, Esq.
HINSHAW & CULBERTSON LLP
222 N. LaSalle St., Suite 300
Chicago, IL  60601
(312) 704-3000

6349384v1872879 41653

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, certify that I filed this Notice of Motion and document referenced herein through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to the counsel of record listed above on this 7th day of August, 2008.

                                          /s/ Clay M. Ullrick