IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA D. BROWN, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No.: 08 C 2833 |
| v. | ) ) Suzanne B. Conlon, Judge |
| ORIZON DIAGNOSTICS, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Patricia Brown sues her former employer Orizon Diagnostics, LLC ("Orizon") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (Count I), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count II). Brown claims Orizon fired her because she is 62 years old and African American. Orizon moves for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The movant must submit a statement of material facts, not to exceed 80 numbered paragraphs; each paragraph must identify affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(a)(3). The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(b)(3). The opposing party may also submit a statement of supplemental

material facts, not to exceed 40, that require summary judgment denial. Local Rule 56.1(b)(3)(C).

## II. Background

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits. Orizon (which is now a voluntarily dissolved limited liability company) provided cytotechnology and pathology services to local hospitals. Def. Facts, Ex. A, Antimo Candel, Jr., M.D. (Orizon's medical director and manager) Decl. ¶¶ 2-3. On July 31, 2006, Brown, a cytotechnologist, began a 90-day probationary employment period with Orizon. Def. Facts, Ex. B, Brown Dep. Tr. at 11-12; Pl. Facts, Ex. K, Orizon Letter to Brown. A cytotechnologist examines human cells to identify abnormalities, including cancerous and precancerous cells. Brown Dep. Tr. at 9-10. The cell examination may yield normal, atypical, low-grade, mid-grade, high-grade, or carcinoma diagnoses. Candel Decl. ¶ 6. Cytotechnologists must perform their duties with precision and technical accuracy because failure to properly examine cells impacts a patient's diagnosis and treatment plan. Brown Dep. Tr. at 10, 13-14. Accurate and reliable services are essential functions of a cytotechnologist's responsibilities. Pl. Facts, Ex. F, Orizon Cytotechnologist Job Description at 1.

To maintain accreditation as a pathology laboratory, Orizon was required to rescreen at least 10% of each cytotechnologist's normal diagnoses. Brown Dep. Tr. at 30, 147; Def. Facts, Ex. C, Donna Shelk (Orizon's executive director) Dep. Tr. at 42-43. Normal diagnoses randomly selected by a computer program were rescreened by another cytotechnologist. Shelk Dep. Tr. at 42-43. A rescreening that yielded a different diagnosis was considered a discrepancy. Candel Decl. ¶ 7. An adjustment of one diagnosis level was a minor discrepancy misdiagnosis, *e.g.*,

normal to atypical. *Id.* ¶ 8. An adjustment of two or more diagnosis levels was a major discrepancy misdiagnosis, *e.g.*, normal to low-grade. *Id.* ¶ 9. A pathologist reviewed discrepancies and rendered final diagnoses, which were reflected in rescreen reports. Shelk Dep. Tr. at 44.

During the first month of Brown's employment, the random rescreening of her normal diagnoses revealed two major discrepancy and six minor discrepancy misdiagnoses. Candel Decl. ¶¶ 10-13, 18; Def. Facts, Ex. D, Termination Letter; Def. Facts, Ex. E, Brown Rescreen Reports. According to Dr. Candel, Brown was the only Orizon cytotechnologist to make that many minor discrepancy misdiagnoses, and the only Orizon cytotechnologist to make any major discrepancy misdiagnoses. Candel Decl. ¶¶ 14-16. On August 29, 2006, Dr. Candel terminated Brown. *Id.* ¶ 17.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004) (citing *Celotex Corp.*, 477 U.S. at 323). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record

3

as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Age Discrimination (Count I)

Orizon contends Brown fails to provide evidence of age discrimination. Brown does not dispute Orizon's argument, and waives her age discrimination claim.

## III. Race Discrimination (Count II)

Orizon argues it fired Brown because she misdiagnosed eight cell samples, not because she is African American. Brown may prove a Title VII racial discrimination claim either directly or indirectly. She relies on the indirect burden-shifting method of proof. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this approach, she must establish a *prima facie* case of discrimination by proving that she is a member of a protected class; her job performance met Orizon's legitimate expectations; she suffered an adverse employment action; and a similarly situated employee outside of her protected class was treated more favorably. *Burks v. Wis. Dep't of Trans.*, 464 F.3d 744, 750-51 (7th Cir. 2006).

If Brown demonstrates a *prima facie* case, the burden shifts to Orizon to articulate a legitimate, nondiscriminatory reason for firing her. *McDonnell Douglas*, 411 U.S. at 802; *Antonetti v. Abbott Labs.*, __ F.3d __, No. 08-1647, 2009 WL 1053155, at *3 (7th Cir. Apr. 21, 2009). If Orizon satisfies this burden of production, Brown must establish there is a genuine issue of material fact as to whether Orizon's reason is merely a pretext for unlawful

4

discrimination in order to survive summary judgment. *McDonnell Douglas*, 411 U.S. at 804; *Antonetti*, 2009 WL 1053155, at *3.

Brown responds that she does not need to prove that her job performance met Orizon's expectations to establish a *prima facie* case because Orizon did not communicate its expectations to her, citing *Dale v. Chicago Tribune Co.*, 797 F.2d 458 (7th Cir. 1986); *Spector v. U.S. Bank Nat'l Ass'n*, 460 F. Supp. 2d 861 (N.D. Ill. 2006) (Bucklo, J.); *Kilgore v. Sears, Roebuck & Co.*, 722 F. Supp. 1535 (N.D. Ill. 1989) (Leinenweber, J.). Whether Brown's job performance met Orizon's legitimate expectations involves a bifurcated inquiry; were Orizon's expectations legitimate and, if so, did Brown meet the expectations? The legitimacy of an employer's expectations is determined by whether the employer communicated its expectations to the employee, and whether the expectations were reasonable. *Dale*, 797 F.2d at 463; *Spector*, 460 F. Supp. 2d at 865; *Kilgore*, 722 F. Supp. at 1537.

Brown does not contest the reasonableness of requiring a cytotechnologist to accurately examine cell samples for abnormalities. She does not dispute that in the first four weeks of her employment, she misdiagnosed eight cell samples; two were major discrepancies. Rather, Brown responds she could not have met Orizon's expectations because she was never advised that a certain number of discrepancies would result in termination. Brown Dep. Tr. at 143. But her job description defines accuracy and reliability as essential functions of the job. She admits that Orizon expected its cytotechnologists to perform their job duties accurately. She acknowledges that accurate screening of cell samples was essential to her responsibilities because failure to properly examine cells directly affects a patient's diagnosis and treatment plan. It is undisputed Orizon's accreditation as a pathology laboratory required random rescreening to test accuracy.

5

Brown presents no genuine issue of material fact that Orizon failed to communicate its expectation that her work had to be accurate.

Brown contends the industry custom is to apprise cytotechnologists of discrepancies and permit self-review. Brown Dep. Tr. at 72, 144; Pl. Facts, Ex. 2, Candel Dep. Tr. at 47, 49. But Orizon presents undisputed evidence that this review is for the education purposes; it does not impact its decision regarding a cytotechnologist's continued employment. Candel Dep. Tr. at 47-49. Brown does not present evidence to dispute the eight misdiagnoses discovered in the rescreen reports. She fails to demonstrate her job performance met Orizon's legitimate expectations.

In addition, Brown fails to establish a similarly situated employee outside her protected class was treated more favorably. To qualify as similarly situated, the employee must be directly comparable in all material respects. The employee must have dealt with the same supervisor, was subject to the same standards, and engaged in similar conduct without differentiating or mitigating circumstances. *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690-91 (7th Cir. 2008).

Brown misdiagnosed eight cell samples, including two major discrepancies. Orizon's medical director and manager Dr. Candel attested she was the only Orizon cytotechnologist to make that many minor discrepancy misdiagnoses, and the only Orizon cytotechnologist to make any major discrepancy misdiagnoses. Candel Decl. ¶¶ 14-16. Brown contends Marsha Unverferth, a white cytotechnologist, misdiagnosed seven cell samples, including two major discrepancy misdiagnoses, and was not fired. Pl. Facts ¶ 15. Without any foundation, Brown relies on Unverferth's rescreen reports. Pl. Facts, Ex. H, Unverferth Rescreen Reports. But the president of Orizon's human resource services provider attests Orizon never employed

6

Unverferth. Def. Resp. to Pl. Facts, Ex. 3, Matthew Yeterian Decl. ¶ 5. Unverferth's purported rescreen reports are dated late 2007, not July and August 2006 when Brown worked for Orizon. Brown provides no evidence of Unverferth's race, or that she was *not* fired for the misdiagnoses. She does not establish that a similarly situated employee outside her protected class was treated more favorably.

## CONCLUSION

Orizon's summary judgment motion is granted. Brown does establish a *prima facie* case of discrimination. She fails to demonstrate her job performance met Orizon's legitimate expectations, or that a similarly situated employee outside her protected class was treated more favorably.

ENTER:

Suzanne B. Conlon
United States District Judge

May 4, 2009